IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL WILLIAM FORD,

    Plaintiff,

v.                                                                                         Civ. No. 15-354 GBW

CAROLYN W. COLVIN,
*Acting Commissioner of the*
*Social Security Administration*,

    Defendant.

## ORDER DENYING REMAND

This matter comes before the Court on Plaintiff's Motion to Remand the Social Security Agency ("SSA") decision to deny Plaintiff disability insurance benefits. *Doc. 19.* For the reasons discussed below, Plaintiff's Motion is DENIED, and this action is DISMISSED with prejudice.

### I. PROCEDURAL HISTORY

Plaintiff filed an initial application for disability insurance benefits (DIB) on March 9, 2012. Administrative Record ("AR") at 246-49. An Administrative Law Judge (ALJ) held a hearing on June 27, 2013. AR at 145-83. On September 27, 2013, the ALJ issued an unfavorable decision, concluding that Plaintiff could perform his past work and was therefore not disabled. AR at 117-35. Plaintiff appealed the denial of his DIB application to the Appeals Council, which declined review on January 9, 2015. AR at

10-13. Plaintiff filed suit in this Court on April 28, 2015, seeking review of the ALJ's decision. *Doc. 1*.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a court may review a final decision of the Commissioner only to determine whether it (1) is supported by "substantial evidence" and (2) comports with the proper legal standards. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991). "In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotations omitted).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Casias*, 933 F.3d at 800. "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). "[I]n addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* at 1010. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

### III.   Parties' Positions

Plaintiff asserts that the ALJ erred by: (1) failing to properly evaluate the opinion evidence of Dr. Michael Wells and Ms. Allison Leopold; (2) failing to properly consider the severe impairment of obesity; (3) improperly delegating to the vocational expert ("VE") the responsibility to determine the physical and mental demands of Plaintiff's relevant work; and (4) failing to call a medical expert to help determine the onset date of disability.  Defendant argues that: (1) the ALJ provided good reasons for the weight given to Dr. Wells' and Ms. Leopold's opinions and supported those reasons with substantial evidence; (2) the ALJ properly considered the severe impairment of obesity; (3) the ALJ properly compared Plaintiff's residual functional capacity to the requirements of his past work and reasonably found that Plaintiff was able to perform that work; and (4) the ALJ was not required to call a medical expert to determine the onset date of disability because he found that Plaintiff was not disabled.  Ultimately, the Court concludes that the ALJ did not err and therefore the opinion should not be overturned.

### IV.   ALJ Evaluation

#### A. Legal Standard

For purposes of Social Security disability insurance benefits, an individual is disabled when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

3

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  To determine whether a person satisfies these criteria, the SSA has developed a five-step test.  *See* 20 C.F.R. § 404.1520.  If the Commissioner finds an individual disabled at any step, the next step is not taken.  *Id*. § 404.1520(a)(4).

At the first four steps of the analysis, the claimant has the burden to show: (1) he is not engaged in "substantial gainful activity;" (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and that either (3) his impairment(s) meet or equal one of the "Listings" of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work."  *Id.* § 416.920(a)(4)(i–iv); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

Step four of this analysis consists of three phases.  *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).  First, the ALJ determines the claimant's residual functional capacity ("RFC") in light of "all of the relevant medical and other evidence."  20 C.F.R. § 404.1545(a)(3).  A claimant's RFC is "the most [he or she] can still do despite [physical and mental] limitations."  *Id*. § 404.1545(a)(1).  Second, the ALJ determines the physical and mental demands of the claimant's past work.  "To make the necessary findings, the ALJ must obtain adequate 'factual information about those work demands which have a bearing on the medically established limitations.'"  *Winfrey*, 92 F.3d at 1024 (quoting

Social Security Ruling 82-62 (1982)). Third, the ALJ determines whether, in light of the RFC, the claimant is capable of meeting those demands. *Id*. at 1023, 1025.

If the ALJ concludes that the claimant cannot engage in past relevant work, he or she proceeds to step five of the evaluation process. At step five, the burden of proof shifts to the Commissioner to show the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity, age, education, and work experience. *Grogan*, 399 F.3d at 1257.

### B. The ALJ's Decision

On September 27, 2013, the ALJ issued a decision denying Plaintiff's application for benefits. *See* AR at 117-32. In denying Plaintiff's application, the ALJ applied the required five-step sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity "from his last denial on June 22, 2010 through his date last insured of December 31, 2012." AR at 123. At step two, the ALJ determined that Plaintiff had the following severe impairments: osteoarthritis; obesity with related metabolic syndrome including type II diabetes mellitus; obstructive sleep apnea; chronic obstructive pulmonary disease; and hypertension. AR at 123. At step three, the ALJ concluded that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity" of a listed impairment. AR at 126.

At step four, the ALJ determined that through the date last insured, Plaintiff had

5

the RFC to "perform light work as defined in 20 CFR 404.1567(b)," with certain listed limitations. AR at 126. However, at step four, the ALJ found that through the date last insured, Plaintiff "was capable of performing past relevant work as an auto parts clerk." AR at 131. Therefore, the ALJ concluded that Plaintiff was not disabled from his alleged onset date of July 2, 2007, to his date last insured of December 31, 2012. AR at 131-32.

V.    ANALYSIS

### A. The ALJ Properly Evaluated the Opinion Evidence of Dr. Wells and Ms. Leopold

Plaintiff argues that the ALJ failed to properly evaluate the medical opinion evidence and erred in assigning little weight to the opinions of Dr. Wells and Ms. Leopold. *Doc. 19* at 8-10. An ALJ is required to "consider all medical opinions in the record," and must also discuss the weight assigned to such opinions. *Quintero v. Colvin*, 567 F. App'x 616, 620 (10th Cir. 2014) (citing 20 C.F.R. §§ 404.1527(c)-(e), 416.927(c)-(e)). To determine what weight to give to a medical opinion, the ALJ must consider the following factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995); *see also Kilpatrick v. Astrue*, 502 F. App'x 801, 806 (10th Cir. 2012).

      i.      <u>Opinion of Dr. Wells</u>

Plaintiff argues that the ALJ erred in failing to identify inconsistencies between Dr. Wells' opinion and the rest of the evidence in the record. *Doc. 19* at 9. A treating source's opinion[1] is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "consistent with other substantial evidence in the record." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). If the ALJ does not give the treating source's opinion controlling weight, he or she "must announce good reasons for the weight assigned" and "such reasons must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *King v. Barnhart*, 114 F. App'x 968, 970 (10th Cir. 2004).

Here, the ALJ stated that he "assign[ed] little weight to the opinion of Dr. Wells because it is inconsistent with the medical evidence of record." AR at 130. The ALJ then proceeded to discuss several inconsistencies which affected his decision to assign "little weight" to Dr. Wells' opinion, including that: (1) "Dr. Wells' opinion that [Plaintiff's] medications . . . cause him fatigue[] [is] grossly inconsistent with [the

---

[1] Plaintiff and Defendant dispute whether Dr. Wells was a treating physician of Plaintiff. *See* doc. 19 at 8-10; *doc. 23* at 13. However, this dispute is immaterial, as the ALJ did not err even assuming that Dr. Wells is a treating physician.

7

opinion] of Dr. Paul, who indicates claimant's daytime fatigue is secondary to obesity and untreated OSA;" (2) Dr. Wells' "checklist-style form provides no objective evidence to justify the extreme level of limitation endorsed therein;" (3) Dr. Wells' opinion that Plaintiff "has been under the same limitations since November 26, 2007 . . . is inconsistent with the exertional level of disability assigned by the prior ALJ and affirmed by the Appeals Council and Judge England;" and (4) Plaintiff's records from Samuel Rogers Health Center do not bear signatures from Dr. Wells and he is only referenced one time in such records, which "reveals that the amount of care he asserts, three times per year for five and one-half years, is a significant overstatement."  As the ALJ thoroughly described the inconsistencies between Dr. Wells' opinion and other substantial evidence in the record, the ALJ did not err in assigning little weight to his opinion.

    ii.    <u>Opinion of Ms. Leopold</u>

Likewise, Plaintiff objects to the ALJ assigning "little weight" to the opinion of Ms. Leopold.  Only "medically acceptable sources" can "provide evidence to establish the existence of a medically determinable impairment[,] . . . provide medical opinions[,] . . . [and] be considered treating sources." *Frantz v. Astrue*, 509 F.3d 1299, 1301 (10th Cir. 2007).  Acceptable medical sources "include licensed medical or osteopathic doctors, licensed or certified psychologists, licensed optometrists, licensed podiatrists and qualified speech-language pathologists."  *Id.*  However, other sources from the medical

8

field that do not fall within the definition of "medically acceptable" sources, such as nurses, may nonetheless provide evidence for the more limited purpose of demonstrating "the severity of [a claimant's] impairment and how it affects [a claimant's] ability to work." 20 C.F.R. § 404.1513(d). An ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning, when such opinions may have an effect on the outcome of the case." Social Security Ruling ("SSR") 06-03p, 2006 WL 2329939, at *6.

Here, the ALJ explicitly stated that he assigned little weight to Ms. Leopold's opinion and explained why he did so. First, the ALJ properly noted that "Ms. Leopold is not an acceptable medical source," as she served as a treating nurse for Plaintiff. AR at 130. The ALJ explained that Ms. Leopold provided a statement "recommending [Plaintiff] for Disability . . . [because] he is not able to work and it is not our recommendation for him to be working at this time." AR at 130. The ALJ noted that this statement was made "in the context of an application for a disabled parking placard." AR at 130. The ALJ next explained that Ms. Leopold's statement is "inconsistent with her March 15, 2013 [recommendation of] an 'increase in cardiovascular exercise.'" AR at 130. The ALJ concluded that Ms. Leopold's out-of-context, conclusory statement was inconsistent with her opinion "which demonstrates

9

that she believes more activity would be beneficial" to Plaintiff.  AR at 130.  As the ALJ identified the inconsistencies between Ms. Leopold's statement and other evidence in the record, the ALJ did not err in assigning "little weight" to her opinion.

### B. The ALJ Properly Considered the Severe Impairment of Obesity

Plaintiff next argues that the ALJ failed to properly consider the severe impairment of obesity.  In determining a claimant's RFC, an ALJ "is required to consider all of the claimant's medically determinable impairments, singly and in combination," and a failure to do so constitutes reversible error.  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  However, "an ALJ is not required to discuss every piece of evidence."  *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014).  Furthermore, when an "ALJ indicates he has considered all the evidence[,] our practice is to take the ALJ at his word."  *Wall v. Astrue,* 561 F.3d 1048, 1070 (10th Cir. 2009) (internal quotation marks omitted).

Here, the ALJ noted in his opinion that:

> [Plaintiff] has a history of obesity, as evidenced by his weight of 313 pounds at 70" tall which calculated to a body mass index (BMI) of 44.27.  I have considered the potential impact of obesity in causing or contributing to co-existing impairments as required by Social Security Ruling 02-01p.  The evidence strongly suggests that this condition is the cause of [Plaintiff's] diabetes mellitus, OSA, COPD, and hypertension.

AR at 123-24 (internal citations omitted).  The ALJ then discussed the various findings of physicians regarding the effects of Plaintiff's obesity, finding that "[Plaintiff's] obesity is a severe impairment."  AR at 124.  Finally, the ALJ stated that "[Plaintiff's]

weight, including the impact on his ability to ambulate as well as his other body systems, has been considered within the limitations of the claimant's residual functional capacity described below." AR at 124. As the ALJ discussed material evidence regarding the effects of Plaintiff's obesity and explicitly stated that he considered this evidence in determining Plaintiff's RFC, the ALJ did not err in his evaluation of Plaintiff's obesity.

Even if the Court were to find that the ALJ failed to fully consider Plaintiff's severe impairment of obesity in determining his RFC, Plaintiff does not explain how this condition affected his functioning as required by federal regulations. *See* 20 C.F.R. § 404.1512(c) (requiring that a claimant "provide evidence, without redaction, showing how your impairment(s) affects your functioning during the time you say that you are disabled"). Thus, any error by the ALJ would be harmless. *See Bales v. Colvin*, 576 F. App'x 792, 799 (10th Cir. 2014) (finding harmless error where claimant fails to "identify how any of the[] conditions [not considered in the ALJ's determination of her RFC], either individually or in combination, affected her functioning during the time she claims she was disabled").

    C. **The ALJ Did Not Delegate to the Vocational Expert the Responsibility to Determine the Physical and Mental Demands of Plaintiff's Past Relevant Work**

Plaintiff claims that the ALJ failed to adequately consider the mental and physical demands of Plaintiff's past relevant work, instead delegating this duty to the

11

VE. *Doc. 19* at 12-14.  At phase two of the step four analysis, an ALJ is "required to assess the physical and mental demands of [a claimant's] past work."  *Cochran v. Colvin*, 619 F. App'x 729, 732 (10th Cir. 2015).  An ALJ may rely on information obtained from the claimant himself, his employer, or another informed source.  *Wells v. Colvin*, 727 F.3d 1061, 1074 (10th Cir. 2013).  An ALJ may not "make RFC findings and then [] delegate the remaining phases of the step four analysis to the vocational expert."  *Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003).  On the other hand, an ALJ "may rely on information supplied by the VE at step four" and "quote[] the VE's testimony approvingly[] in support of his own findings at phases two and three of the analysis."  *Id.*

Here, the VE testified that Plaintiff's past work as an auto parts clerk, DOT # 279.357-062, was defined as light exertion, SVP 5, and skilled, and the ALJ properly relied on this DOT evidence.  AR at 179; *see Bowman v. Astrue*, 511 F.3d 1270, 1273 n.1 (10th Cir. 2008) ("[T]he agency accepts the definitions in the *Dictionary of Occupational Titles* as reliable evidence at step four of the functional demands and job duties of a claimant's past job as it is usually performed in the national economy.").  In addition to considering the definitions in the DOT, the ALJ offered a hypothetical involving the exact same limitations as those found in Plaintiff's RFC, and the VE testified that such a person could perform Plaintiff's past job as an auto parts clerk.  AR at 179.  The ALJ's finding that Plaintiff can perform past relevant work on the basis of this evidence

satisfies the ALJ's obligation at phase two of the step four analysis. *See Best-Willie v. Colvin*, 514 F. App'x 728, 738 (10th Cir. 2013) (holding that the VE's testimony and DOT descriptions of past relevant work supported the finding that the ALJ "obtained information concerning the physical and mental demands of [the claimant's] past relevant work and appropriately relied on the [VE's] testimony in her decision").

Additionally, the ALJ did not err in finding that Plaintiff can perform the job of auto parts clerk as generally performed. The ALJ properly relied on the DOT to categorize Plaintiff's past relevant work as light despite Plaintiff's testimony that he performed the work at the medium exertional level. *See, e.g., Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1051 (10th Cir. 1993). The ALJ relied on the VE's testimony and the DOT's job description in finding that Plaintiff "can perform this job as generally performed because the light exertional level meets the exertional level of his past relevant work." AR at 131.

In his brief, Plaintiff relies on *Sissom v. Colvin*, 512 Fed. App'x 762 (10th Cir. 2013), to support the proposition that the ALJ erred in delegating this duty to the VE. *Doc. 19* at 13-14. However, this holding is materially distinguishable. In *Sissom*, the ALJ's opinion merely "stated that the VE was presented with a hypothetical concerning an individual [with the claimant's] limitations and the VE testified that such an individual could perform [the claimant's past relevant work]." *Id.* at 770. The Tenth Circuit Court of Appeals found that the ALJ erroneously delegated his fact-finding

13

responsibilities to the VE because he "merely adopted the VE's opinion that [the claimant] was not precluded from performing her [past relevant work]." *Id.*

Here, by contrast, the ALJ made his own findings that Plaintiff could perform his past relevant work. AR at 131 ("In comparing [Plaintiff's RFC] with the physical and mental demands of this work, I find that [Plaintiff] was able to perform it as generally performed."). While the ALJ relied on the testimony of the VE, he also considered the DOT description and Plaintiff's testimony in making this finding. AR at 131. Therefore, the ALJ fulfilled his responsibility and did not improperly delegate to the VE.

### D. The ALJ Did Not Err In Declining to Call a Medical Expert

Plaintiff claims that the ALJ erred by failing to call a medical expert to help him infer the onset date of disability. *Doc. 23* at 9. The onset date of disability is "the first day an individual is disabled as defined in the Act and the regulations." SSR 83-20, 1983 WL 31249, at *1. Under SSR 83-20, an ALJ must call on the services of a medical advisor at the hearing if the medical evidence of onset is ambiguous. *Reid v. Chater*, 71 F.3d 372, 374 (10th Cir. 1995).

Here, the ALJ found that Plaintiff was not disabled during the period from his alleged onset date of July 2, 2007, to his date last insured of December 31, 2012. AR at 131. The ALJ issued his decision on September 27, 2013. AR at 117-35. Following this decision, the Commissioner found Plaintiff to be disabled as of October 1, 2013 (after the "date last insured") based on a subsequent application for Supplemental Security

14

Income.  AR at 11.  However, the Appeals Council found that "this information does not provide a basis for changing the Administrative Law Judge's decision that [Plaintiff was] not disabled as of December 31, 2012."  AR at 11.  As there was no finding of disability at the time of the ALJ's decision, he could not have been required to determine the onset date of disability.  *See Godinez v. Astrue*, No. CIV.A. 09-2450-JWL, 2010 WL 3829458, at *5 (D. Kan. Sept. 22, 2010) (where "[t]he ALJ did not find disability [ ] and there was simply no basis or necessity to establish an onset date[,] . . . [t]he ALJ did not err in failing to call upon the services of a medical advisor").  Therefore, the ALJ's decision not to call a medical expert does not constitute error.

## VI.   CONCLUSION

Plaintiff has failed to establish that the ALJ committed reversible error.  Accordingly, Plaintiff's Motion to Remand to the SSA for Rehearing (*doc. 19*) is DENIED, and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**